340 So.2d 1170 (1976)
Eva KLEPPER, Appellant,
v.
J.C. PENNEY COMPANY, INC. and Bonnie Caudell, Appellees.
No. 75-1395.
District Court of Appeal of Florida, Fourth District.
October 15, 1976.
Rehearing Denied January 27, 1977.
*1171 Harry G. Carratt, Morgan, Carratt & O'Connor, Fort Lauderdale, for appellant.
James M. Norman, Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, for appellees.
PER CURIAM.
This appeal is from a final judgment entered in favor of defendants after the jury found for them in a suit brought by plaintiff for false arrest, false imprisonment, malicious prosecution and assault and battery.
Plaintiff would have us reverse because, inter alia, the trial judge, during his reading of a series of instructions to the jury, added a clause to one of them and thereby deviated from the form adopted (albeit over plaintiff's objection) by the judge at an earlier charge conference. Plaintiff complains now of fatal error in the instruction as given, but counsel neither made objection at the time it was given nor brought the error contained in the added clause to the attention of the trial judge so that he could rectify it. Furthermore, our examination of the entire record locates no fundamental error and the judgment of the lower court is necessarily affirmed.
We believe it will be helpful to remind the trial Bar of its responsibility to client and Bench alike to be attentive and alert during the jury charge. At the end of a trial it may happen that a judge who communicates with the jury and reads to them a long series of instructions would misread one, have an inadvertent slip of the tongue, or in a last moment reflection make some change in the previously adopted form of instruction. At such a time trial counsel has a special duty to his client and to the trial judge to read the instructions as the judge recites them and to aid in the prevention of the kind of error which occurred in the case sub judice by objecting to or pointing out the error.
We have considered the other points raised by plaintiff and find no reversible error.
AFFIRMED.
DOWNEY and ALDERMAN, JJ., and DANAHY, PAUL W., Jr., Associate Judge, concur.